UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAVINA RAYNE GAGNON, a minor suing : <br> by and through her mother and next friend, : <br> HEATHER MACFARLANE : <br>     Plaintiff, : <br> : <br> v. : <br> : <br> EAST HAVEN BOARD OF EDUCATION : <br>     Defendants. : <br> : | CIVIL ACTION NO. <br> 3:13-CV-01209 (JCH) <br><br><br><br> JUNE 19, 2014 |

**RULING RE: EAST HAVEN BOARD OF EDUCATION'S
MOTION TO DISMISS (Doc. No. 18)**

**I.   INTRODUCTION**

Plaintiff Savina Rayne Gagnon, by and through her mother, Heather MacFarlane, brings this suit against defendant East Haven Board of Education ("Board"), pursuant to 42 U.S.C. §§ 1983 and 1988.  The Board contends that Gagnon's claim should be dismissed pursuant to Rule 12(b)(6) because: 1) it is barred by the applicable statute of limitations; and 2) because it fails to state a valid constitutional claim upon which relief may be granted.  (Doc. No. 18) at 1.  For the reasons set forth below, the Board's Motion to Dismiss is **GRANTED**.

**II.   FACTUAL AND PROCEDURAL BACKGROUND**

Gagnon is a minor who attended the Joseph Melillo Middle School ("School") in East Haven, Connecticut, in April 2011.  Compl. (Doc. No. 1) ¶ 3.  Gagnon alleges that while attending the School on April 16, 2011, she was physically assaulted by Nicole Sciarra.  Id. ¶ 6.  Gagnon further alleges that, prior to the assault, the School was notified that Sciarra was en route with the intent to assault her, yet the School failed to take any steps to protect her.  Id. ¶ 7.  Gagnon additionally maintains that the Board

1

knew of the School's safety vulnerabilities, yet failed to: station guards at the School; adequately train staff in safety measures; and adopt policies, rules, or regulations that would assure the safety of its students. Id. ¶¶ 8-10. On August 22, 2013, Gagnon filed a Complaint alleging that the Board's shortcomings constitute "a public policy of indifference to the serious safety needs of the students of the school, including the plaintiff." Id. ¶ 11.

### III.  STANDARD OF REVIEW

A case is properly dismissed under Rule 12(b)(6) if the Complaint fails to allege facts sufficient "to state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009). As articulated by the Supreme Court in Iqbal and Twombly, the standard for dismissal on a Rule 12(b)(6) motion reflects two working principles. See Pension Ben. Guar. Corp. ex rel. St. Vincent Catholic Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc., 712 F.3d 705, 717 (2d Cir. 2013). First, the court's customary acceptance of all allegations in a complaint does not apply to legal conclusions. Iqbal, 556 U.S. at 678. Hence, to survive a motion to dismiss, a complaint must provide more than "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Id. Second, assuming the truth of all well-pleaded factual allegations, and drawing all reasonable inferences in the plaintiff's favor, the court must determine whether these allegations and inferences plausibly entitle the plaintiff to relief—that is, whether the complaint shows "more than a sheer possibility that a

defendant has acted unlawfully." Id.  This second task is context-specific and "requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.

## IV. DISCUSSION

### A. Statute of Limitations

The Board first moves to dismiss the Complaint on the ground that the applicable statute of limitations for this action is Conn. Gen. Stat. § 52-584, which provides a two year statute of limitations.  Because the alleged incident took place on April 16, 2011, and Gagnon did not file a complaint until August 22, 2013, the Board claims that the two year statute of limitations has expired, and therefore Gagnon is time barred from bringing suit. The Board argues that Conn. Gen. Stat. § 52-584 is the appropriate standard, because this statute "clearly governs claims of injury resulting from negligence," Memorandum of Law in Support of Defendant's Motion to Dismiss ("Mem. in Supp.") (Doc. No. 19) at 4, and Gagnon's section 1983 claim is "nothing more than a veiled negligence claim," Id. at 1.

The Second Circuit has repeatedly held that the appropriate statute of limitations for section 1983 actions in Connecticut is governed by Conn. Gen. Stat. § 52-577, which provides for three years in which to bring such claims.[1]  See, e.g. Barile v. City of Hartford, 264 Fed. Appx. 91 (2d Cir. 2008) ("In Connecticut, a plaintiff must bring his § 1983 claim within three years of the date his claim accrues." (citation omitted)); Lounsbury v. Jeffries, 25 F.3d 131, 134 (2d Cir. 1994) ("[T]he courts are required to apply Connecticut's general or residual personal-injury statute of limitations [Conn. Gen.

---

[1] The court notes that, while the Board cited the relevant Second Circuit case, it omitted the case's central and unambiguous holding.  Memorandum of Law in Support of Defendant's Motion to Dismiss ("Mem. in Supp.") (Doc. No. 19) at 3.  In Lounsbury v. Jeffries, the Second Circuit held that section 1983 actions in Connecticut are governed by Conn. Gen. Stat. § 52-577 and not Conn. Gen. Stat. § 52-584.  25 F.3d 131, 134 (2d Cir. 1994).

Stat. § 52-577] to claims brought under § 1983."). Because Gagnon's section 1983 action was filed within the three year statute of limitations provided by Conn. Gen. Stat. § 52-577, it is not time barred.

### B. Stating a Claim upon Which Relief May be Granted

The Board also moves to dismiss Gagnon's Complaint on the ground that it fails to state a valid constitutional claim upon which relief may be granted.[2]  In order for Gagnon to state a valid claim under section 1983, she must allege facts that allow the court to reasonably infer that the Board deprived her of a federal right while acting under the color of state law.  See Haywood v. Drown, 556 U.S. 729, 731 (2009).

Because section 1983 is not itself a source of substantive rights, but merely serves as a vehicle to vindicate federal rights conferred elsewhere, "[t]he first step in any such claim is to identify the specific constitutional right allegedly infringed." Albright v. Oliver, 510 U.S. 266, 271(1994) (citations omitted).  Gagnon asserts that her substantive due process rights were violated by the School's failure to take precautionary measures to protect her from the impending assault.  Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Mem. in Opp.") (Doc. No. 22) at 1.  In order for Gagnon to establish a violation of her substantive due process rights, she must demonstrate that the Board engaged in conduct that was so egregious in nature that it "shocks the conscience." County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998).

---

[2] Although the Board's Motion to Dismiss only cites Rule 12(b)(6), (Doc. No. 18) at 1, its Memorandum in Support of its Motion also claims the court lacks subject matter jurisdiction, which falls under Rule 12(b)(1).  Mem. in Supp. (Doc. No. 19) at 2, 5.  However, the court has subject matter jurisdiction because the alleged cause of action arises under 42 U.S.C. § 1983 and is not "patently frivolous on its face."  See Falls Riverway Realty, Inc. v. City of Niagara Falls, N.Y., 754 F.2d 49, 54 n.3 (2d Cir. 1985).

4

The court holds that Gagnon's Complaint fails to state a claim because the Board is not liable under section 1983 for the harm Gagnon suffered by a private party. States are generally not liable for the failure to protect an individual from harm inflicted by a private party. See DeShaney v. Winnebago County Dept. of Social Services, 489 U.S. 189, 201–02 (1989). However, the Second Circuit has recognized two narrow exceptions to this rule when: 1) there is a "special relationship" between the governmental entity and the harmed party or 2) the governmental entity "created" the danger that caused the harm. See Pena v. DePrisco, 432 F.3d 98, 108-09 (2d Cir. 2005). Assuming the truth of the facts alleged, and making every reasonable inference in favor of the plaintiff, Gagnon's Complaint does not meet the requirements of either of these exceptions.

First, Gagnon's allegations do not satisfy the requirements for the exception based on a "special relationship." The Second Circuit has held that "special relationships arise ordinarily if a government actor has assumed an obligation to protect an individual by restricting the individual's freedom in some manner, as by imprisonment." Lombardi v. Whitman, 485 F.3d 73, 80 n.3 (2d Cir. 2007). While the Second Circuit has not directly addressed whether this exception applies to schools, there is wide consensus among federal courts of appeals that it does not. See, e.g. Hasenfus v. LaJeunesse, 175 F.3d 68, 71–72 (1st Cir. 1999) (declining to find a "special relationship" between a student and a public school); Wyke v. Polk Cnty. Sch. Bd., 129 F.3d 560, 569 (11th Cir. 1997) ("Compulsory school attendance laws alone are not a 'restraint of personal liberty' sufficient to give rise to an affirmative duty of protection."); J.O. v. Alton Cmty. Unit Sch. Dist. 11, 909 F.2d 267, 272 (7th Cir. 1990) ("[T]he

5

government, acting through local school administrations, has not rendered its schoolchildren so helpless that an affirmative constitutional duty to protect arises.").

In this district, our courts likewise have held that the "special relationship" exception does not apply to schools. See, e.g. DiStiso v. Town of Wolcott, 750 F. Supp. 2d 425, 447-48 (D. Conn. 2010), rev'd in part on other grounds sub nom. DiStiso v. Cook, 691 F.3d 226 (2d Cir. 2012); Risica ex rel. Risica v. Dumas, 466 F. Supp. 2d 434, 439 (D. Conn. 2006); Bungert ex rel. Murcko v. City of Shelton, No. 3:02–CV–01291(RNC), 2005 WL 2663054, at *4 n.6 (D. Conn. Oct. 14, 2005). This court agrees: the Board is not liable under the "special relationship" exception for its failure to protect Gagnon from Sciarra.

Second, Gagnon's claim does not satisfy the requirements to constitute a state-created danger. The Second Circuit has held that "[o]nly an affirmative act can amount to a violation of substantive due process." Lombardi v. Whitman, 485 F.3d 73, 79 (2d Cir. 2007). Gagnon's Complaint does not allege that the School or the Board took affirmative steps to facilitate Gagnon's assault. Rather the Complaint merely claims that the School was "well aware" that Sciarra was en route yet failed to protect Gagnon. Compl. ¶¶ 8, 9. Instead of alleging that the School created the danger, Gagnon alleges that the School knew of the danger, yet "chose to do nothing." Mem. in Opp. (Doc. No. 22) at 5.

The state's failure to protect does not constitute a substantive due process violation. Lombardi, 485 F.3d at 79 ("It is not enough [to constitute a substantive due process violation] to allege that a government actor failed to protect an individual from a known danger of bodily harm or failed to warn the individual of that danger."). Because

the Complaint does not allege that the School took any affirmative steps to facilitate the incident with Sciarra, Gagnon's claim does not satisfy the requirements for a state-created danger.

Even assuming, arguendo, that the School's inaction could be construed as a state-created danger, Gagnon's Complaint would still fail because she has not alleged facts that shock the conscience. In order for conduct to rise to the conscience-shocking level, it must be truly "brutal and offensive to human dignity . . . ." Id. at 81 (quoting Smith v. Half Hollow Hills Cent. Sch. Dist., 298 F.3d 168, 173 (2d Cir. 2002)). In cases where courts have found such conduct, the facts were truly outrageous. See, e.g. Hasenfus v. LaJeunesse, 175 F.3d 68, 72 (1st Cir. 1999) (citing examples of conscience-shocking behavior involving rape by a police officer in connection with a car stop and a 57-day unlawful detention).

Gagnon's allegation that the Board failed to protect her from Sciarra does not rise to this level. Contrary to Gagnon's assertion, the Board's failure to have "a guard physically stationed at every entrance to every school" does not shock the conscience. Compl. (Doc. No. 1) ¶ 8. While it is possible that the Board was negligent for failing to protect Gagnon, negligence cannot constitute conscience-shocking conduct for purposes of substantive due process rights. County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[L]iability for negligently inflicted harm is categorically beneath the threshold of constitutional due process."). Accordingly, the facts alleged by Gagnon are insufficient to sustain a claim against the Board for the harm inflicted on her by a private party.

Upon review of Gagnon's Complaint, the parties' submissions in regard to this Motion, and the pertinent case law, the court grants the Motion to Dismiss, because Gagnon's Complaint fails to state a valid claim upon which relief may be granted.

## V.   CONCLUSION

For the reasons stated above, the court **GRANTS** the Board's Motion to Dismiss. (Doc. No. 18). Gagnon may move to reopen this case within twenty-one days with a proposed Amended Complaint if she has a basis to do so.

**SO ORDERED.**

Dated at New Haven, Connecticut this 19th day of June, 2014.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge